UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD WEAVER,

    Plaintiff,

    v.   CAUSE NO. 3:25-CV-193-PPS-JEM

INDIANA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

OPINION AND ORDER

Donald Weaver, a prisoner without a lawyer, filed a "Motion in Response to Order Payment." (ECF 9.) He submits documents reflecting that funds were withdrawn from his trust account to pay the initial partial filing fee in April 2025. (*Id.* at 2.) He asks that the case be allowed to proceed to screening. Although the clerk has not yet received the payment, I am aware that it is outside Weaver's control when prison staff mail the payment. His motion will be granted and the case will proceed to screening. He is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Weaver is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Weaver is an inmate at Indiana State Prison (ISP). He had spinal fusion surgery on or about December 12, 2023, and a rod and screws were permanently inserted into his back. He claims that two prison guards, Officer J. Tawney and Officer J. Maynard, were unnecessarily rough with him while he was at the hospital and during the return trip to the prison. Officer Tawney worked several days guarding him when he was in the hospital and would place leg restraints on him when he had to go to the bathroom, even though he could barely walk. He fell several times because of the leg shackles. He further claims Officer Tawney would "yank[]" on his leg shackles and handcuffs for no reason, causing him unnecessary pain. He perceived this was because Officer Tawney did not like him, as the officer would often make comments about how he was "wasting taxpayer dollars" and would "complain about every little thing" Weaver asked of hospital staff.

On December 17, 2023, he was discharged from the hospital. Officer Tawney and Officer Maynard were responsible for transporting him back to the prison. He claims Officer Maynard yanked him out of bed and told him to hurry up and get dressed, which caused pain in his back. He asked Officer Maynard to call a nurse to assist him, but the officer refused telling him he was "tired" of Weaver. Weaver was discharged in a wheelchair, but the officers failed to bring a van with a lift to accommodate the

2

wheelchair. A hospital security guard recommended to them that they pull the van up to the loading area, but they said no. Instead, they wheeled him out of the hospital across "two lanes of traffic" and bumpy ground, causing further pain in his back. When they got to the van, he could not lift his legs so they attempted to pull him up by his chains and handcuffs, which caused him to "scream[] in pain." He claims at one point Officer Maynard fell on him, causing him more pain.

In March 2024, a few months after his surgery, he saw Officer Tawney during recreation and the officer "slapped" him on the back "hard" and asked him how his back was doing. Weaver asked Officer Tawney to "keep his hands to himself" but Officer Tawney slapped him again and gave him a "little push."

Based on these events, he sues Officer Maynard and Officer Tawney, as well as ISP Warden Ron Neal, Assistant Warden Dawn Buss, the Indiana Department of Correction, and two supervisory correctional officers, Lieutenant Jones (first name unknown), and Shift Supervisor S. McCann for money damages. He claims that not only did the rough treatment cause him pain, but it also exacerbated his back injury.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Giving Weaver the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against Officer Maynard and Officer Tawney. He claims they treated him with unnecessary roughness after he had a major surgery, causing him severe pain and exacerbating his back problems. It can be inferred from his allegations that these officers were rough with him not for a legitimate penological reason, but because they disliked him or were upset that taxpayer money had been spent on his surgery. He has alleged enough to proceed against these defendants under the Eighth Amendment.

As for Warden Neal, Assistant Warden Dawn Buss, Lieutenant Jones, and Supervisor McCann, there is insufficient factual content from which I can plausibly infer that these individuals were personally involved in these events, and they cannot be held liable for damages solely because of their positions. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory officials can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is no indication from Weaver's allegations that these high-ranking officials and supervisors were aware of or condoned the officers' actions. He also cannot sue the Indiana Department of Correction for damages, because this state agency has Eleventh Amendment in federal court. *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008).

He may also be trying to sue the Warden in his official capacity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). If so, this claim is unavailing

because *Monell* applies to municipal actors, not state officials. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Aside from his barrier, *Monell* only applies when an official policy or widespread custom caused the plaintiff's injury; the "isolated wrongdoing of one or a few rogue employees" will not support a *Monell* claim. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021); *see also Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (plaintiff "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom"). From what Weaver describes, he was injured not because of some official policy or custom, but because these two guards acted unprofessionally and used more force than was necessary for their own personal reasons.

A state prison official can be named in an official capacity for prospective injunctive relief, but only if there is an ongoing constitutional violation. *Marie O. v. Edgar*, 131 F.3d 610, 615 (7th Cir. 1997). The complaint reflects that these events occurred more than a year ago, and there is no indication from Weaver's allegations that he is being subjected to an ongoing constitutional violation or is in need of prospective injunctive relief.[1] In the section designated for relief, he seeks only money damages.

For these reasons, the court:

(1) GRANTS the plaintiff's "Motion In Response to Order Payment" (ECF 9);

(2) GRANTS the plaintiff leave to proceed against Officer J. Maynard and Officer J. Tawney in their personal capacity for monetary damages for using excessive force

---

[1] To the extent he is trying to seek relief on behalf of other inmates who may find themselves in similar situations, he cannot do so. *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999).

5

against him in violation of the Eighth Amendment after he had spinal fusion surgery in December 2023;

(3) DISMISSES the Indiana Department of Correction, Ron Neal, Jones, S. McCann, and Dawn Buss as defendants;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer J. Maynard and Officer J. Tawney at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(7) ORDERS Officer J. Maynard and Officer J. Tawney to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May 23, 2025.

                                              /s/   Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT